This seems to me to be a mere personal tort, for which there is no remedy; for it cannot be within the statute de bonis *Page 755 asportatis; and at common law the executor cannot have trespass. Butreplevin or detinue, the executor may have; for the property still continues. He could not have ejectione firmae, at common law, for the thing itself was not recoverable. But he may have covenant, or quare ejecit infraterminum. But by the equity of the statute now he shall have ejectionefirmae, ravishment of ward, and quare impedit. It was so adjudged in 32 and 33 El., in C. B., in the case of the Bishop of Lichfield, that the executor shall have a quare impedit of a disturbance to the testator, and in 40, 41 El., in C. B., and afterwards on a writ of error here, it was adjudged that trover and conversion lies on an act in the life of the testator. This case at common law was a mere tort, and the executor cannot have trespass. It seems that the statute does not reach this case, for the arrest and imprisonment cannot be said to be de bonis or catallis of the testator.